IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No.  06-CR-00341-WDM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARQUISE HARRIS, a/k/a MARQUES D. HARRIS,

Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter was before the court for detention hearing on September 12, 2006.  The court has taken judicial notice of the court's file and the pretrial services report.  The court further has considered the testimony and credibility of ATF Agent Bradley Beyersdorf.  The court now being fully informed makes the following findings of fact, conclusions of law and order for detention.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.  The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

    The Bail Reform Act, 18, U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

    (1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including –

        (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

    (4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial investigation report and the entire court file. The court further has considered the testimony and credibility of ATF Agent Bradley Beyersdorf. Lastly, the court has considered the arguments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment in count one with Possession of a Firearm by a Prohibited Person an Armed Career Criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), in count two with Possession with Intent to Distribute 5 or More Grams of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and in count three with Possession of a Dangerous Weapon in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c).

Second, based upon the Indictment and testimony of ATF Agent Bradley Beyersdorf, I find that probable cause exists that defendant committed the charged offenses. The rebuttable presumption of detention applies in this case based upon this court finding probable cause as to the above offenses. Defendant has not produced sufficient evidence to rebut the presumption.

Third, I find that the nature of the instant offense involves the defendant knowingly possessing a firearm as an armed career criminal and possessing with intent to distribute 5 grams or more of cocaine base. Defendant has one general warrant outstanding and another warrant outstanding for failure to pay. Defendant has six (6) prior failures to appear and three (3) prior failures to pay. Defendant has had a deferred judgment and sentence revoked in the past in Denver County under case number 95-CR-1554. Defendant has self-reported a history of recent illicit drug use. Defendant was on parole at the time of his alleged involvement in the instant case. Defendant has an extensive criminal history which includes but is not limited to felony convictions for Second Degree Burglary, Possession of a Schedule II Controlled Substance to wit: Cocaine, Menacing, and Throwing Missiles at Vehicles. Lastly, defendant has used an alias of Marques D. Harris.

Based upon these findings, I conclude, by a clear and convincing evidence that the defendant is a flight risk and a danger to the community and there is no condition or combination of conditions for release that will reasonably assure the appearance of defendant and the safety of the community. Accordingly, I order defendant detained without bond.

Done this 12th of September 2006.

BY THE COURT

S/ Michael J. Watanabe
_____
Michael J. Watanabe
U.S. Magistrate Judge