IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Criminal Action No. 06-cr-00341-WDM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARQUISE D. HARRIS,

    Defendant.

## ORDER ON MOTION FOR RECONSIDERATION

Miller, J.

This case is before me on the government's Motion for Reconsideration (doc no 199), requesting that I reconsider my ruling of November 16, 2007 suppressing evidence obtained by police after detaining Defendant in a traffic stop. In my ruling, I held that the government had not sustained its burden of proof to show that Defendant had voluntarily consented to a search of his vehicle after the detention justified by the traffic violation should have ended. In addition, I suppressed evidence of cocaine apparently thrown by Defendant after he fled from the scene.

In its briefing and at the hearing on the motion to suppress, the government argued that the seizure of the drug was outside of the scope of the Fourth Amendment because Defendant had abandoned the bag containing the cocaine. I rejected that proposition, concluding instead that it was linked to the involuntary search, not attenuated, and was thus the fruit of the unlawful detention. The government, in its motion for reconsideration,

now argues that Defendant's flight, and abandonment of the cocaine, was an "intervening circumstance" dissipating the taint of the preceding Fourth Amendment violation. Specifically, the government argues that Defendant's flight was a new crime under Colorado law (under C.R.S. § 18-8-103, it is a crime to resist arrest, even if the arrest is unlawful), and that unlawful behavior dissipates the taint associated with the previous Fourth Amendment violation. In response, Defendant argues that Defendant's mere flight is not an intervening event. Defendant contends that flight, without more, does not constitute resisting arrest under C.R.S. § 18-8-103 and that in the government's cited cases, the defendants engaged in some sort of assaultive or violent act, which is distinguishable from the facts here.

The government's argument, and the cases it cites, are inapposite. I agree with the government that under the cases it cites, commission of a new offense could have justified an arrest on new charges. Here, however, Defendant did not seek to suppress evidence of his flight or of conduct that could have led to a charge of resisting arrest. In addition, I agree with Defendant that his mere flight would not constitute a new crime under C.R.S. § 18-8-103, which requires as an element either the use or threat of the use of physical force or violence or means that create a substantial risk of causing bodily injury to the officer or another person. The evidence presented does not demonstrate that Defendant used, threatened or posed any risk of harm when he ran from the scene.

Rather, the evidence to be suppressed is of the drugs allegedly in Defendant's possession <u>before</u> the unlawful search of his vehicle and extended detention. The case on which the government places much reliance, *United States v. Waupekenay*, 973 F.2d

1533, 1537 (10th Cir. 1992), can be read to support my suppression order. There, the police unlawfully entered the defendant's trailer home without consent. However, once the officers were inside the home, the defendant's independent and voluntary decision to point a gun at the officers was new criminal conduct and the evidence of it would not be suppressed. The defendant "did not have a legitimate, reasonable expectation of privacy when he initiated criminal activity – assault– in the presence of the police officers within the trailer." 937 F.2d at 1537. The court relied on a distinction between illegal activity commenced before and after the unlawful entry; since the defendant "*commenced* his illegal activity of assault *after* the unlawful entry," he had no reasonable expectation of privacy. *Id.* (emphasis in the original). Here, Defendant's effort to dispose of the cocaine was an extension of his previous possession during the unlawful search, not a subsequent, independent wrongful act that could be charged as a new offense.

In any case, it has long been established that a court must determine whether the evidence at issue was the result of exploitation of the original illegal search "or instead by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun v. United States*, 371 U.S. 471, 488 (1963). *Brown v. Illinois* then emphasized three factors to be considered: (1) temporal proximity; (2) any intervening circumstance; and (3) the purpose and flagrancy of the official misconduct. 422 U.S. 590, 603-04 (1975).

Focusing on those factors, the abandonment was in close temporal proximity to the illegal activity. Secondly, and as noted, the flight and abandonment were more a continuation of the original illegal search rather than a distinctive intervening circumstance purging the initial taint. Finally, my factual findings, as summarized below, are essentially

3

that the officer ignored Defendant's refusal to consent to search and instead detained him and conducted a search and seizure of his car without probable cause. The circumstances are sufficiently flagrant to balance the factors against attenuation.

This conclusion is supported by *United States v. King*, 990 F.2d 1552 (10th Cir. 1993). There, the passenger in a vehicle who was detained without legal cause discarded drugs while standing a few feet from the car; bystanders alerted the police officers and the drugs were immediately retrieved. The Tenth Circuit concluded that, given close temporal proximity between the unlawful stop and the seizure as well as the nature of the official misconduct, the drugs were fruit of the poisonous tree. 990 F.2d at 1564. The passenger's discarding of drugs during the course of an unlawful detention was not "sufficiently an act of free will to purge the primary taint of the unlawful invasion" and hence was not a voluntary abandonment. *Id.*

For the same reasons, I decline to adopt the government's argument that Defendant's flight was an intervening event that dissipated the taint of the initial unlawful search and seizure. It may well be that flight or resisting arrest constitutes an intervening cause in other circumstances but not under the facts of this case where there was never a break in the causal chain following the unlawful search and detention.

The government also asks that I reconsider my ruling of lack of consent because the two witnesses whom I determined presented credibly in fact were not credible. I have considered the government's points raised in their brief and am not persuaded that my previous determination was in error. As I noted, the officer and the two witnesses all presented credibly but gave inherently inconsistent testimony concerning the consent

issue. The government points to some inconsistencies to urge that Defendant's witnesses were not credible. As I originally found in my oral ruling, however, several non-testimonial pieces of evidence tend to confirm the witness' testimony: the phone records indicating the relevant phones were connected at the time of the stop; the absence of a signed consent form normally obtained; the absence of Defendant's driver's documents taken by the officers; and the absence of the so-called special underwear. Conversely, nothing, including the other officer, corroborates Officer Gallegos's testimony of consent. Remembering that the burden of proof was on the government, I remain convinced that the government failed to meet its burden. Unfortunately, that leaves open the consequent possibility that Defendant's constitutional rights were flagrantly violated, which provides part of the predicate for my ruling.

Accordingly, the government's motion is denied.

DATED at Denver, Colorado, on January 3, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge